NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| CHRISTOPHER E. KOVATS, | : | |
| | : | Civil Action No. 20-14115 (CCC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**CECCHI, District Judge:**

This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner, Christopher E. Kovats, challenging his state court weapon charge convictions. ECF No. 2. Because Petitioner has paid the applicable filing fee, this Court is required by Rule 4 of the Rules Governing Section 2254 Cases to screen Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this Rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

A habeas petition challenging a state court conviction pursuant to 28 U.S.C. § 2254 "cannot proceed unless all meritorious claims have been exhausted in state court." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014); *see also Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's

established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations omitted). As the exhaustion rule requires a habeas petitioner to afford state courts the opportunity to resolve federal constitutional issues before the petitioner goes to federal courts for habeas relief, *see id.*, a habeas petition challenging a New Jersey judgment of conviction must fairly present each alleged federal ground for relief raised in the habeas petition to all three levels of the New Jersey state courts—the Law Division, Appellate Division, and New Jersey Supreme Court. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982); *Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015). In his petition, Petitioner admits that all of his claims are either currently pending on appeal or have yet to be raised in either the state trial level court or appellate court as he believes[1] that the "court system has been closed" due to COVID-19. ECF No. 2 at 9, 10. Petitioner has therefore not exhausted his claims at this time.

Where a district court is faced with a petition containing only unexhausted claims, the Court has two potential options—dismiss the petition without prejudice for failure to exhaust, or stay the petition pursuant to *Rhines v. Weber*, 544 U.S. 269, 274–78 (2005), until the petitioner

---

[1] The Court notes that both the county trial court systems and appellate courts in New Jersey are in operation – albeit subject to certain limitations on in person appearances and trials. It thus appears that Petitioner's belief that he could not file a motion or pursue his appeal is mistaken.

completes the exhaustion process. *See, e.g., Mallory*, 563 F. App'x at 215. Pursuant to *Rhines*, a stay should only be granted in "limited circumstances." 544 U.S. at 277. A district court may only grant a stay where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Even where these requirements are met, a stay will generally only be warranted in those cases where a dismissal of the petition without prejudice would result in the petitioner being unable to timely file his habeas petition within the one-year statute of limitations period. *See Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004).

Here, the Court is unable to determine the merits of Petitioner's claims without further information, and Petitioner has not clearly shown good cause for his failure to exhaust his claims. Likewise, Petitioner appears to be in no danger of losing his ability to file a habeas petition following exhaustion—Petitioner was convicted recently in March 2020 and his case appears to remain pending on appeal. A stay pending exhaustion is therefore not warranted at this time. *Crews*, 360 F.3d at 152. Given the lack of danger to Petitioner's ability to refile, and the lack of good cause for his failure to continue to pursue his state court appeal and other motions, Petitioner's habeas petition will therefore be dismissed without prejudice.

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the

prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's petition is unexhausted and that Petitioner's habeas petition should be dismissed without prejudice as a result, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner must be denied a certificate of appealability as to this Court's dismissal of his petition for lack of exhaustion.

In conclusion, Petitioner's habeas petition is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion, and Petitioner is **DENIED** a certificate of appealability as to the dismissal of his petition. An appropriate order follows.

Date: February 11, 2021

**Claire C. Cecchi, U.S.D.J.**

4